IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CEDRIC L. KING,<br><br>    Movant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CIVIL ACTION NO.: 5:23-cv-30<br><br><br><br>(Case No.: 5:17-cr-5) |

**REPORT AND RECOMMENDATION**

Movant, who is currently housed at the Federal Medical Center in Butner, North Carolina, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Doc. 1. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** King's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** King *in forma pauperis* status on appeal and a Certificate of Appealability.

**BACKGROUND**

King was charged, along with 16 co-defendants, by superseding indictment with: conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). United States v. King, 5:17-cr-5 ("Crim. Case"), Docs. 22, 135. On June 21, 2017, David McCrea entered a notice of appearance on King's behalf as retained counsel. Crim. Case, Doc. 11. Mr. McCrea filed a number of pretrial motions on King's behalf, including a motion to suppress. Crim. Case, Docs. 327–33. King was able to reach a plea agreement with the Government on February 21, 2018, and agreed to plead guilty to the

conspiracy charge. Crim. Case, Doc. 478. The Honorable Lisa Godbey Wood sentenced King to 268 months in prison on November 7, 2018, and judgment was entered on November 13, 2018. Crim. Case, Docs. 637, 646.

King filed a notice of appeal on November 27, 2018, and retained John Lovell to represent him. Docs. 660, 662. King challenged the substantive reasonableness of his 268-month sentence, and the Government moved to dismiss the appeal based on the appeal waiver contained in King's plea agreement. United States v. King, No. 18-14955 (11th Cir.). The Eleventh Circuit Court of Appeals enforced the appeal waiver and dismissed King's appeal on September 5, 2019. Id. at Doc. 27-1 (11th Cir. Sept. 5, 2019). The Eleventh Circuit entered judgment this same date. Id. at Doc. 28; Crim. Case, Doc. 720.

On April 15, 2020, King filed a motion for extension of time to file a § 2255 motion. Crim. Case, Doc. 754. Judge Wood dismissed King's motion for lack of jurisdiction, as King did not have a § 2255 motion pending. Crim. Case, Doc. 759.

King filed his first-in-time § 2255 motion on September 10, 2020,[1] and raised, as relevant here, claims of ineffective assistance of counsel based on Mr. McCrea's alleged conflict of interest because he was being criminally investigated and was arrested two months before he began representing King and because Mr. McCrea provided "mis-advice" regarding the sentence appeal waiver in King's plea agreement. Crim. Case, Doc. 779 at 4, 5. After the Government moved to dismiss King's motion, he filed a motion to withdraw his § 2255 motion. Crim. Case, Doc. 800. Judge Wood granted King's motion to withdraw on January 4, 2021, and dismissed without prejudice his § 2255 motion. Crim. Case, Doc. 801. Judge Wood specifically cautioned

---

[1] As used in this Report, the term "first-in-time" merely refers to King's original § 2255 motion and not to any "first" § 2255 motion, which would require King to have authorization to file the § 2255 Motion now before the Court. Crim. Case, Doc. 886 (quoting 28 U.S.C. § 2244(b)(3)(A)).

2

King there are procedural rules applicable to the filing of any § 2255 motion, though she offered no opinion on King's ability to do so. Id. at 2 n.1.

King requested an extension of time to file another § 2255 motion on February 10, 2022. Crim. Case, Doc. 852. Judge Wood denied his request by Order dated February 18, 2022. Crim. Case, Doc. 855. King then filed a motion asking for permission to file a new § 2255 motion on February 21, 2023. Crim. Case, Doc. 884. Judge Wood denied King's motion as moot on February 27, 2023, because there was no adjudication on the relative merits of his first-in-time § 2255 motion, so King did not need to receive approval before filing another § 2255 motion. Crim. Case, Doc. 886. Judge Wood advised King, "The Court makes no determination regarding the merits or timeliness of any § 2255 motion Defendant intends to file." Id. at 2 n.2.

King signed this current § 2255 Motion on March 29, 2023, and it was filed on April 24, 2023. Doc. 1. King asserts Mr. McCrea rendered ineffective assistance of counsel during the plea negotiations in his criminal proceedings by fraudulently telling King he faced life in prison if he did not sign the plea agreement, even though the United States Sentencing Guidelines and the statute of offense had no provision for life imprisonment. Id. at 2. King also states Mr. McCrea promised King he would receive a downward departure at sentencing if he signed the plea agreement. King asserts Mr. McCrea never provided him or his appellate counsel with King's entire file, resulting in appellate counsel filing a grievance with the State Bar of Georgia and King being unable to effectively pursue his direct appeal and his initial 2255, which "resulted in both of their dismissals." Id. In addition, King contends Mr. McCrea was disciplined by the State Bar based on two incidences involving two clients, including his representation of King. Id. at 2–3. In addition, King states Mr. McCrea was being investigated and prosecuted based on allegations of sexual exploitation of minors. Id. at 3. King maintains

3

the State Bar of Georgia's determination in October 2022 and Mr. McCrea's criminal conviction are pieces of newly discovered evidence and "clear[ly] show" Mr. McCrea "was adversely affected in the advice and service rendered to Mr. King." Id.

## DISCUSSION

**I.     King's Motion Is Not Timely**

To determine whether King filed his § 2255 Motion in a timely manner, the Court must look to the applicable statute of limitations periods.  Motions made via § 2255 are subject to a one-year statute of limitations period.  28 U.S.C. § 2255(f).  This limitations period runs from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

If the limitations period began to run on the date the judgment became final (i.e., under § 2255(f)(1)), King's § 2255 motion would plainly be untimely.  King was sentenced to 268 months' imprisonment on November 7, 2018, and the Court's final judgment was entered on November 13, 2018.  Crim. Case, Docs. 637, 646.  King had 14 days to file a notice of appeal, which he did.  Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review

4

expires); Crim. Case, Doc. 660.  The Eleventh Circuit dismissed King's appeal because it was barred by the appeal waiver in his plea agreement on September 5, 2019.  Crim. Case, Doc. 720.  King signed his original § 2255 motion on September 4, 2020.  Crim. Case, Doc. 779 at 4, 5, 18–21.  King was allowed to withdraw his first § 2255 motion on January 4, 2021, doc. 801.  King did not file this § 2255 motion—his second § 2255 motion—until April 24, 2023.  Even if King were entitled to some tolling while his first § 2255 motion was pending, his second § 2255 motion was filed long after the limitations period in § 2255(f)(1) expired.

King appears to recognize the problems with the timing of this § 2255 Motion.  To avoid the time bar of § 2255(f)(1), King argues the statute of limitations period set forth in § 2255(f)(4) governs.[2]  Specifically, King argues Mr. McCrea's disbarment (which occurred on October 4, 2022) and Mr. McCrea's criminal conviction are newly discovered evidence.  Doc. 1 at 3.  King argues the one-year limitations period began to run from the date of this newly discovered evidence, and, therefore, King's second § 2255 motion was timely filed on March 29, 2023.  As explained below, King is incorrect.

In order for § 2255(f)(4) to apply, King needs to point to newly discovered evidence and show he exercised due diligence.  King, as the movant, has "the burden to adequately allege due diligence under § 2255(f)(4)."  Guerrero Sanchez v. United States, Case Nos. 19-24206-CV, 17-20804-CR, 2020 WL 8082397, at *3 (S.D. Fla. Dec. 15, 2020) (citing Trucchio v. United States, 553 F. App'x 862, 864 (11th Cir. 2014); and then citing Johnson v. United States, 544 U.S. 295, 308 (2005)), adopted by 2021 WL 76343 (S.D. Fla. Jan. 8, 2021).  This "'does not require the maximum feasible diligence, but only 'due,' or reasonable, diligence.'"  Id. (quoting Aron v.

---

[2]   King does not argue § 2255(f)(2) or § 2255(f)(3) applies here, nor could he.  There is no indication King was impeded from filing a § 2255 motion and King does not rely on any newly recognized right made retroactively applicable to cases on collateral review.

5

United States, 291 F.3d 708, 712 (11th Cir. 2002)).  Under the due diligence standard, a prisoner must "make reasonable efforts [to discover the new facts underlying his claims,]" id. (alteration in original), though a prisoner need not "undertake repeated exercises in futility or to exhaust every imaginable option . . . ."  Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002).  "Although this inquiry is individualized, the prisoner's subjective belief regarding the date on which the new evidence became available to him does not control."  Guerrero Sanchez, 2020 WL 8082397, at *3 (cleaned up).

King's argument for application of § 2255(f)(4) fails because he does not point to any newly discovered evidence that would impact the arguments in his § 2255 Motion.  King focuses on the fact the Georgia Supreme Court disbarred Mr. McCrea on October 4, 2022.  See Crim. Case, Doc. 884 at 17–18 (Ga. Sup. Ct. Oct. 4, 2022 disbarment order).  King argues he learned, at that time, Mr. McCrea had a "pattern" of violating the rules of professional conduct.  King emphasizes the Georgia Supreme Court described two instances where Mr. McCrea violated the rules of professional conduct, and one of those instances concerned Mr. McCrea's actions related to King's case.  The Georgia Supreme Court noted King's appellate attorney in this criminal case contacted Mr. McCrea in November 2018 and asked for King's complete file, but Mr. McCrea never provided the file.  The other instance involved Mr. McCrea's actions in a divorce proceeding.  The Georgia Supreme Court also noted Mr. McCrea appeared to be a defendant in a criminal proceeding, but it explained there was no information about the criminal proceeding in the record of the disciplinary matters and did not mention the criminal proceedings further.  Id. at 16.

The October 4, 2022 disbarment order does not constitute newly discovered evidence.  King was already well aware of the facts related to his own case that were described in the

October 4, 2022 disbarment order. King's appeal was dismissed on September 5, 2019. Two days later, King's appellate counsel sent King a letter notifying King of the dismissal. Crim. Case, Doc. 884 at 23. In that letter, King's appellate counsel explained King might be able to assert a claim of ineffective assistance of counsel by Mr. McRea in a § 2255 motion. King's appellate counsel noted in that letter Mr. McCrea had not provided appellate counsel with King's entire file. A few months later, on January 17, 2020, King's appellate counsel sent King another letter. Id. at 22. In the January 17, 2020 letter, appellate counsel reiterated Mr. McCrea had not provided King's entire case file, and he explained he had filed a grievance with the State Bar about Mr. McCrea's failure. Appellate counsel reminded King about one-year statute of limitations for filing a § 2255 motion.

King was plainly aware of the facts related to Mr. McCrea's actions in King's case, and King was aware of those facts no later than January 17, 2020. Notably, in King's initial § 2255 motion, signed on September 4, 2020, King mentioned the criminal charges against Mr. McCrea and raised other allegations of ineffective assistance of counsel. Crim. Case, Doc. 779. King did not mention Mr. McCrea's failure to provide King's file to appellate counsel in that initial § 2255 motion, though King was plainly aware of that fact at that time. Thus, the only new information King learned from the October 4, 2022 disbarment order was Mr. McCrea had violated the rules of professional conduct in an unrelated divorce case, and the Georgia Supreme Court determined Mr. McCrea's actions warranted disbarment. This new information does not constitute newly discovered evidence, and the information is not material to the arguments King makes in the instant § 2255 Motion.

King makes no showing he was pursuing his rights diligently. Even if King had been pursuing his rights diligently, he fails to show Mr. McCrea's disciplinary actions and criminal conviction represent newly discovered evidence.

King made assertions regarding Mr. McCrea's alleged ineffective assistance in his original § 2255 motion, which King filed on September 10, 2020. Crim. Case, Doc. 779 at 4, 5, 18–21. In that original motion, King discussed the criminal charges against Mr. McCrea and argued the charges created a conflict of interest. King also discussed Mr. McCrea's failure to challenge the sentence enhancement and provision of "mis-advice" concerning the appeal waiver in plea agreement. Thus, King knew of any alleged conflict of interest relating to Mr. McCrea's own criminal proceedings and the fact his (King's) plea agreement contained an appeal waiver no later than September 2020. King was allowed to withdraw his first § 2255 motion on January 4, 2021, doc. 801, but King did not file his second § 2255 motion until April 24, 2023—more than two years later.

The Court notes the State of Georgia disbarred Mr. McCrea in October 2022 based, in part, on Mr. McCrea's failure to provide King's appellate counsel with King's file after appellate counsel contacted Mr. McCrea "in late November 2018 . . . ." Ga. Bar J., Att'y Discipline Summaries, Vol. 28, No. 4, p. 44. However, there is nothing indicating Mr. McCrea's failure to provide appellate counsel with King's entire file was the reason the Eleventh Circuit dismissed King's appeal in September 2019; rather, as stated above, the Eleventh Circuit found King's plea agreement's appeal waiver barred his appeal. And the Eleventh Circuit found this Court "correctly concluded King knowingly and voluntarily agreed to the sentence appeal waiver." King, No. 18-14955, ECF No. 27-1, p. 2. King also knew of any alleged ineffective assistance

regarding the waiver provision well before he filed the instant § 2255 Motion and well before October 2022 (the date King claims newly discovered evidence arose).

In short, King fails to meet his burden of showing entitlement to the limitations period of § 2255(f)(4), and the Court should dismiss his Motion on this basis. To the extent King could argue the statute of limitations period should be equitably tolled, the Court now turns to whether King is entitled to equitable tolling of the applicable statute of limitations period.

## II.     King Is Not Entitled to Equitable Tolling

The applicable limitations period is not jurisdictional, and, as a consequence, the established one-year limitation "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). "A movant 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing.'" Williams v. United States, 586 F. App'x 576, 576 (11th Cir. 2014) (quoting Holland, 560 U.S. at 649). Equitable tolling is typically applied sparingly and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). "The [movant] bears the burden of proving his entitlement to equitable tolling," Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), "and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the [movant] must establish both." Williams v. Owens, No. CV113-157, 2014 WL 640525, at *3 (S.D. Ga. Feb. 18, 2014) (citing Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006)); Damren v. Florida, 776 F.3d 816, 821–22 (11th Cir. 2015).

King fails to show he was pursuing his rights diligently and some extraordinary circumstance prevented him from executing his § 2255 Motion prior to March 29, 2023. King has pursued him rights, as shown by his filing a previous § 2255 (which was dated

9

approximately one year from the Eleventh Circuit's dismissal of his appeal) and other matters in this case. However, King shows no circumstances—extraordinary or otherwise—caused him to voluntarily dismiss his first-in-time § 2255 motion or to wait more than two years after the Court granted his request to dismiss his original § 2255 motion to file the instant § 2255 Motion. Consequently, King is not entitled to the equitable tolling of the applicable statute of limitations period for the same reasons he cannot show § 2255(f)(4) provides a new triggering event for statute of limitations purposes, and his § 2255 Motion is time barred. Thus, the Court should **DISMISS** King's § 2255 Motion.

### III. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny King leave to appeal *in forma pauperis*. Though King has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001));

10

see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued.  Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of King's § 2255 Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability.  If the Court adopts this recommendation and denies King a Certificate of Appealability, King is advised he "may not appeal the denial but may seek a certificate from the court of appeals under

11

Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** King's § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** King a Certificate of Appealability and *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of

Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of June, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA