# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

CEDRIC L. KING,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

5:23-cv-30
5:17-cr-5

## ORDER

The Magistrate Judge issued a Report and Recommendation for the Court to dismiss as untimely Movant Cedric King's ("King") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence. Dkt. No. 2. King has filed timely dated Objections to this Report and Recommendation, dkt. no. 5, though the Court did not receive them until after judgment was entered. Dkt. No. 4.

In his Objections, King contends the Magistrate Judge erroneously concluded King did not point to any newly discovered evidence that would impact King's arguments. Dkt. No. 5 at 2. King maintains the Magistrate Judge did not consider "the significant new information" that came to light since King's first-in-time § 2255 motion—that is, King's trial counsel, David McCrea, was disbarred in October 2022 based on criminal charges he faced during his representation of King and was convicted of in August 2021 and on McCrea's "pattern of professional misconduct[.]" Id.

The Magistrate Judge did consider McCrea's disbarment and King's contention that the October 2022 disbarment constitutes newly discovered evidence for statute of limitations purposes under 28 U.S.C. § 2255(f)(4).[1] The Magistrate Judge determined McCrea's disbarment did not constitute newly discovered evidence. Dkt. No. 2 at 6-7. Instead, the Magistrate Judge observed King was well aware of the facts underlying McCrea's disbarment that related to King's case in this Court and any ineffective assistance of counsel claims he (King) could have raised in his § 2255 Motion prior to October 2022. Id. at 7 (citing Crim. Case, Dkt. No. 884

---

[1] The one-year limitation period for 28 U.S.C. § 2255 shall run from the latest of--

>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). King focuses on the period found in § 2255(f)(4) in his Objections. Dkt. No. 5 at 2-4. King also relies on McCrea's disbarment as an extraordinary circumstance entitling him to equitable tolling of the statute of limitations period. Id. at 4-6. King's reliance is misplaced. As this Court noted, McCrea's disbarment is not the triggering event for timeliness discussion; rather, it is King's knowledge of the facts relating to McCrea's representation to support ineffective assistance of counsel claims, which was no later than January 2020. Dkt. No. 2 at 6-10.

at 22, 23 (letters from King's appellate counsel dated September 2019 and January 2020 alerting King to the ineffective assistance claims he could raise regarding McCrea's failure to provide King's file and reminding King he had one year to file a § 2255 motion)). The Magistrate Judge concluded King was aware of the facts underlying his claims no later than January 17, 2020, id., and King offers nothing in his Objections warranting a disturbance of this conclusion.[2]

King also asks for an evidentiary hearing in his Objections. Dkt. No. 5 at 6-7. Section 2255 does not require the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)). Because the record shows King is not entitled to relief under § 2255, I **DENY** his request for an evidentiary hearing.

Thus, after an independent and de novo review, I **OVERRULE** King's Objections. The Court's July 16, 2024 Order remains the Order of the Court, and this case remains **CLOSED**. Dkt. Nos. 3, 4.

---

[2] King cites Brown v. United States, 942 F.3d 1069, 1076 (11th Cir. 2019), and contends this case supports his contention that October 4, 2022, is the beginning date for § 2255(f)(4)'s statute of limitations period. Dkt. No. 5 at 3. Brown concerns the Armed Career Criminal Act and qualifying offenses and has nothing to do with statute of limitations periods. Brown, 942 F.3d 1069. Thus, Brown does not support King's assertions.

**SO ORDERED**, this 25 day of October, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA